EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandante y recurrido, *v.* 3,763.93 METROS CUADRADOS DE TERRENOS, ETC., MARCELINO SELOSSE, TOMASA MAS, ETC., demandados y recurrentes.

*Número:* R-69-93          *Resuelto:* 9 de abril de 1970

*A. J. Amadeo Murga,* abogado de los recurrentes; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados del recurrido.

PER CURIAM: En 25 de febrero de 1965 el Estado Libre Asociado de Puerto Rico inició ante la Sala de San Juan del Tribunal Superior, un procedimiento para expropiar una parcela de terreno compuesta de 3,763.93 metros cuadrados ubicada en el Bo. Hato Rey de San Juan. Dicha parcela se usaría para la construcción de la Avenida Central de Hato Rey. Se estimó como justa y razonable compensación a ser pagada a sus dueños, la cantidad de $29,847.96.

La demandada doña Tomasa Mas Selosse compareció para impugnar la cantidad estimada y depositada en el Tribunal como justa compensación.

Los esposos Selosse-Mas eran dueños de una finca de 7.64 cuerdas de terreno radicada en el Bo. Hato Rey de Río Piedras. Dicha parcela estaba atravesada de Norte a Sur por la

vía pública conocida como Carretera Militar. En 1955, el Estado Libre Asociado de Puerto Rico expropió a los demandados dos parcelas, una de 8033.702 metros cuadrados ubicada al Oeste de la Avenida Muñoz Rivera de la cual se utilizó parte para la construcción de la mitad Norte de la Avenida Central, y otra de 642.96 metros cuadrados ubicada al lado Este de la Avenida Muñoz Rivera.

En aquel procedimiento el Estado pagó en transacción, las parcelas expropiadas a razón de $4.00 el metro cuadrado.

La parcela objeto de la presente expropiación linda por el Norte con la faja Norte de la Avenida Central, por el Sur con el remanente de la finca principal; (1) por el Este con terrenos del Estado Libre Asociado de Puerto Rico que unen la Avenida Central con la Avenida Muñoz Rivera y por el Oeste con la trocha del lado Sur de la Avenida Central.

En el juicio celebrado, las demandadas presentaron evidencia testifical y documental para probar el valor en el mercado de la finca objeto de expropiación. Utilizando el método de ventas comparables presentaron una serie de transacciones de compraventas de parcelas ubicadas en el área donde radica la parcela expropiada, efectuadas entre los años 1960 y 1967. Algunas de esas ventas se refieren a parcelas de menor cabida y otras de mayor cabida que la expropiada y el precio de venta fluctúa entre $26.52 y más de $100.00 el metro cuadrado. Varias de esas ventas fueron admitidas y analizadas por el tribunal sentenciador al único fin de determinar si el remanente de la finca expropiada había sufrido daños por desmembración, ya que al dictar sentencia, resolvió que al ser incluida la parcela expropiada en el Mapa Oficial en 1948, ocurrió una adquisición *de facto* de la finca y que su valoración debía retrotraerse a dicho año 1948. En su consecuencia decretó que el valor en el mercado de la parcela expropiada, en la fecha en que se radicó la demanda ascendía a la suma de $15,055.93,

---

(1) El remanente de la finca principal fue vendido en 9 de febrero de 1965; por los esposos Selosse-Mas, a razón de $77.50 metro cuadrado.

o sea, a razón de $4.00 el metro cuadrado, más intereses de esa suma a razón de 6% anual desde el 5 de agosto de 1948, fecha en que al ser incluida en el Mapa Oficial se efectuó de hecho su adquisición (*taking, date of entry*), hasta la fecha en que dicha suma fue depositada en Corte.

Esta determinación del tribunal sentenciador es errónea. Así lo revolvimos en el caso de *E.L.A.* v. *Pérez*, 98 D.P.R. 781 (1970). En su consecuencia la sentencia recurrida debe ser revocada.

Ahora bien, aunque el tribunal a quo no lo resolvió, sí señaló en un escolio de sus conclusiones de Hecho, de Derecho y Sentencia, lo siguiente:

"(5) De no mediar la situación de hecho y de derecho que antecede, éste sería un caso típico de secuela ya que ésta es una segunda o subsiguiente expropiación relacionada con la expropiación original efectuada en 7 de abril de 1955, Caso E55-158, del *Estado Libre Asociado de Puerto Rico* v. *Marcelino Selosse Augy y Tomasa Mas*, (Véase Exh. 3, Dte.); *Pueblo* v. *Junghanns*, 73 D.P.R. 648. En la expropiada en 1955 se construyó la Trocha Norte de la Avenida Central; en la que ahora se expropia se construirá la trocha Sur de dicha Avenida."

En el récord hay prueba, presentada por los demandados, tendiente a indicar que el incremento en valor de las parcelas ubicadas en el área donde ubica la parcela expropiada, ha sido causado o se debe a otros factores adicionales e independientes de la construcción de la Avenida Central. Corresponde al tribunal de instancia determinar, a la luz de todos los factores envueltos y del derecho aplicable, cual era el justo valor en el mercado de la parcela expropiada, al 24 de febrero de 1965, fecha en que se inció el procedimiento de expropiación.

*Se revocará la sentencia dictada por el Tribunal Superior Sala de San Juan, y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández, no intervino.